IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM M. DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0778-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This suit involves plaintiff's applications for Disabled Adult Child and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., as well as for Supplemental Security Income under Title XVI of the Social Security Act. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissions's final determination under section 205. The parties' briefs are fully submitted, and an oral argument was held on June 29, 2011. The complete facts and arguments are presented in the briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff is a 34-year-old man with an eleventh grade education who claims disability due to bipolar disorder and illiteracy. Plaintiff's applications for disability insurance benefits were initially denied, and on April 17, 2009, following an administrative hearing, the Administrative Law Judge (ALJ) found that plaintiff was not under disability as defined by the Social Security Act.

Plaintiff alleges that the ALJ erred in: (1) declining to find plaintiff suffered from the severe impairment of Borderline Intellectual Functioning (BIF); and (2) failing to follow the vocational limitations of Dr. Martin Isenberg, Ph.D., in determining plaintiff's residual functional capacity (RFC).

Severe Impairments

Upon review, the court finds the ALJ did not err at step two of the analysis in his finding that the plaintiff did not suffer from the severe impairment of BIF. The ALJ properly found that

plaintiff suffered only from the severe impairments of major depression and polysubstance abuse, in reported remission. While a finding of severity of impairment is not an onerous requirement to meet, it is also not a toothless standard. Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). Here, the ALJ specifically considered plaintiff's additional alleged severe impairment of BIF, but properly found that the medical evidence prevented a finding that plaintiff suffered from the severe impairment of BIF.

Plaintiff's cite to Grubb v. Astrue, 2009 WL 1138815 (W.D. Mo. 2009) (citing Nicola v. Astrue, 480 F.3d 885 (8th Cir. 2007)), fails to support his proposition that it is generally error for an ALJ not to make a finding that BIF is a severe impairment. The court in Grubb found that where the ALJ agrees with the diagnosis of BIF assessed to the claimant, it is error to find that the BIF is not a severe impairment. Here, the ALJ specifically states that he disagrees with plaintiff's prior diagnosis of BIF and cites to the opinions of medical experts, Drs. Isenberg, Israel and Vlach in support. In Nicola v. Astrue, 480 F.3d 885 (8th Cir. 2007), another case cited by plaintiff, the Eighth Circuit held that where a diagnosis of BIF is supported by sufficient medical evidence, it should be considered a severe impairment. Again, here, the ALJ clearly states in his decision that the medical evidence does not support the diagnosis of BIF.

Plaintiff argues that the ALJ's notation at Step 4 of a 1994 adult IQ score of 73 in assessing whether plaintiff met the C.F.R. "Criteria C Listing" is inconsistent with a finding that plaintiff does not suffer from the severe impairment of BIF. This argument is without merit. There is no indication anywhere in the record that the ALJ was relying on the 1994 adult IQ score of 73 in making his determination that plaintiff did not suffer from BIF in the previous steps of the analysis. The ALJ merely cited to the noted 73 IQ score in response to assessing whether plaintiff met the Criteria C Listing for mental retardation. The ALJ appears to have been merely noting that, although plaintiff had no valid IQ score, the noted previous score of 73 would neither have qualified plaintiff for the mental retardation listing at Step 4. The court further notes that Dr. Isenberg, the only doctor in the record who made note of the IQ score as part of the medical records reviewed, found plaintiff was not suffering from BIF.

Residual Functional Capacity

The ALJ did not err in his determination of plaintiff's RFC. In contrast to plaintiff's argument, the evidence shows that the ALJ did fully incorporate the opinion of Dr. Isenberg, on which the ALJ relied. Dr. Isenberg's findings of "moderate" limitation in a few areas were properly addressed by the ALJ in his finding that plaintiff was precluded from doing complex and demanding work, but had the ability to do unskilled work. Unskilled work needs little or no judgment to perform, and includes only simple duties that can be learned on the job in a short time. The ALJ's determination of plaintiff's RFC is consistent with the limitations set forth by Dr. Isenberg.

For the reasons set forth above, this court finds there to be substantial evidence in the record as a whole to support the ALJ's decision that plaintiff is not disabled under the Act and can perform his past work as a laborer.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 26th day of July, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge